HATTON, Appellant, vs. FOSNOT, Respondent.

*October 19—November 15, 1921.*

*Game: Public nuisances: Gun not used in unlawful hunting.*

A gun is not a public nuisance under sec. 29.03, Stats., and cannot be seized by a conservation warden under sec. 29.05, unless at or about the time of the taking it is being used by the owner or possessor thereof in actual and unlawful hunting; and the gun of a person who, without a license, had started out on a trip to hunt wolves, but had abandoned the trip by reason of a breakdown of an automobile and was returning home through the game country, was not a nuisance, although it was not knocked down and was lying on a blanket unloaded. ROSENBERRY and OWEN, JJ., dissent.

APPEAL from a judgment of the circuit court for Lincoln county: A. H. REID, Circuit Judge. *Reversed.*

This action, commenced in the second municipal court for Lincoln county, is one in replevin for a Winchester rifle of the stated value of $20. The defendant by oral answer asserted that at the time when the property in question was seized by him it was used in violation of ch. 29, Stats., or that he has reason to believe was used in violation of said chapter, and that he seized said property by virtue of the power and authority vested in him as conservation warden. Upon the trial judgment was entered in favor of plaintiff, from

which judgment the defendant appealed to the circuit court. Upon the hearing on appeal in the circuit court the facts were stipulated, and the following statement by the circuit court was accepted by the parties on this appeal as correctly and substantially stating the stipulated facts upon which the case was determined:

"The plaintiff and several others, taking with them dogs and rifles, drove in an automobile from the city of Tomahawk northward into Oneida county, through wild and unsettled lands, for the purpose of conducting a hunt for wolves. They were not possessed of any current hunting license. They passed through many miles of country frequented by game, their automobile became disabled near the point of their destination, and they were delayed for a couple of hours putting the automobile in order, and then, without carrying out the purpose of hunting for wolves, and after engaging in target practice with their rifles, turned about and returned homeward, and while on their way and still in country frequented by game, they were stopped by the defendant as conservation warden, and the plaintiff's rifle, among others, was taken possession of. The rifle was at the time, and had been previously during the trip, transported without being knocked down or inclosed within a carrying case, unless a blanket upon which it lay, and which was in part lapped over it, constituted a carrying case."

In addition to the facts so stated, it also appears from the stipulation that the rifle was at the time mentioned unloaded and not so constructed as to be capable of being knocked down.

The circuit court rendered judgment reversing the judgment of the court below and directing judgment in favor of the defendant. From such judgment the plaintiff has appealed.

For the appellant the cause was submitted on the brief of *G. M. Sheldon* of Tomahawk, attorney, and *John W. Kelley, Jr.,* of Rhinelander, of counsel.

For the respondent there was a brief by *R. T. Reinholdt* of Tomahawk, and oral argument by *Mr. Reinholdt* and *Mr. E. E. Brossard,* assistant attorney general.

ESCHWEILER, J.   The defendant as a deputy of the state conservation commission, claiming to act under the authority of sec. 29.05, Stats., giving to such commission and its deputies certain police powers, took from the plaintiff's possession in an automobile on the highway in Oneida county the Winchester rifle belonging to plaintiff.

Defendant's right to so seize and hold the rifle on that occasion is claimed to be warranted on the ground that the rifle was at that time a public nuisance under the provisions of sec. 29.03, Stats., which provides for declaring as public nuisances, among other things, "(6) any boat, together with its machinery, sails, tackle and equipment, or any lamp, light, *gun*, pivot gun, swivel gun, or *other firearm* used in violation of this chapter. . . ."   (This provision as well as the others hereinafter cited is found in ch. 29, Stats., entitled "Wild animals, and the regulation of the enjoyment, disposition and conservation thereof.")

The ground upon which that was asserted is the claim that it was, at the time of seizure, being used in a prohibited method of hunting, in violation of the following, the provisions of which, so far as material here, are:

"METHODS OF HUNTING AND FISHING—*General restrictions on hunting.*   Section 29.22 (1) *Prohibited methods.* . . . and no person shall carry with him in any vehicle, any gun or rifle unless the same is unloaded, and knocked down or inclosed within a carrying case. . . ."

The specific authority under which the seizure is claimed to be warranted is under the provisions of sub. (7), sec. 29.05, Stats., which reads as follows:

"They [referring to deputies, such as defendant was, of the state conservation commission] shall seize and forthwith confiscate and destroy any apparatus, appliance, or device declared by any provision of this chapter to be a public nuisance; and shall seize and hold subject to the order of the commission, any other apparatus, appliance, or any vehicle, or device, which they shall have reason to believe is being used in violation of this chapter, and if it be proven that the same is, or has been within six months previous to such

seizure, used in violation of this chapter the same shall be confiscated."

The trial court held that upon the stipulated facts and the statutes above quoted the defendant was justified in seizing the gun on the ground that the rifle was not in a knocked-down condition or within a carrying case and was being used in hunting.

We shall dispose of but one of the several questions that are presented by the briefs and arguments in this case.

We agree with the conclusion reached by the trial court that the reasonable construction to be placed upon the provisions of sub. (1), sec. 29.22, quoted above, it containing no express exceptions, is that the language is not to be taken in its strict literal sense, for to do so would necessarily involve a holding that the mere transporting a firearm in any vehicle while such firearm was not in a knocked-down condition or inclosed in a carrying case, however lawful and innocent the purpose might be, would make such firearm a public nuisance and subject to immediate seizure by any deputy of the state conservation commission.

The purpose of this as well as of the other provisions in the same chapter is of course for the regulation of the enjoyment, disposition, and conservation of the wild animals and game of this state, and all its provisions must be construed in connection with such primary purpose of that chapter in view. We are in accord, therefore, with what is said by the court below, that before such an article as is here in question is a public nuisance subject to seizure it must be used in hunting. This is evident also from the express language of sub. (6), sec. 29.03, quoted above, that such article here involved, in order to come within the statutory field of public nuisances, must be "used in violation of this [29] chapter." These and similar statutes involving the seizure, confiscation, or possible destruction of articles such as this, for which there is a lawful as well as the possibility of an unlawful use as distinguished from articles such as

nets, traps, or snares of small intrinsic value and of no practical value except for hunting or fishing, and where the legal process to determine whether such seizure is lawful or unlawful must be resorted to after the seizure instead of where the official makes the seizure pursuant to some writ or process previously obtained, are of a drastic nature and should receive a strict rather than a loose construction. Such distinction as to the different nature of articles within the ban of such statutes is clearly pointed out in such cases as *McConnell v. McKillip,* 71 Neb. 712, 99 N. W. 505, 65 L. R. A. 610, 115 Am. St. Rep. 614; *Lawton v. Steele,* 152 U. S. 133, 140, 14 Sup. Ct. 499.

It is essential, therefore, in order to support the taking by defendant in this particular case, that the fact exist that at or about the time of the taking the firearm was being used by the owner or possessor thereof in actual and unlawful hunting. The use must be actual in order to make it an unlawful use. To become the public nuisance by virtue of such statute and thereby subject to seizure, there must be actual use within the ordinary and reasonable understanding of the term; an intent not carried out or abandoned is not sufficient. Such is the effect of the decisions upon a statute relating to the seizure and destruction of nets and apparatus for fishing under the Michigan law in the case of *Osborn v. Charlevoix Circuit Judge,* 114 Mich. 655, 663, 72 N. W. 982. Under this view we are of the opinion that at the time defendant made the seizure of the rifle then in plaintiff's possession, it was not in actual use in unlawful hunting and therefore was not a public nuisance subject to seizure.

Whatever purpose the plaintiff and his associates may have had to violate the hunting laws in starting out on their wolf-hunting expedition, all such had been entirely abandoned and given up prior to the seizure. The situation here is not such as would be presented in case of a seizure upon a return trip from an unlawful enterprise which had been carried out to the extent of actual hunting, even though no game

had been shot or shot at.    But here, before the parties reached the point at which it was proposed to actually begin hunting, they abandoned that purpose—whether from the ethical point of view that it were better not to violate the hunting laws or merely because of the breakdown of their automobile is immaterial.    It was as a matter of fact abandoned, and they were now returning not from a hunting trip but from an abandonment of such an enterprise.    The gun, therefore, was not when seized a public nuisance under these statutes, and defendant has no legal justification for withholding it.

The question as to the effect of the last clause found in sub. (7), sec. 29.05, quoted above and reading, "and if it be proven that the same is, or has been within six months previous to such seizure, used in violation of this chapter the same shall be confiscated," as well as other questions, we do not consider to be before us on this appeal although discussed in the briefs and arguments, and we therefore express no opinion thereon.

It follows from what has been said that the judgment of the court below must be reversed and judgment entered for the plaintiff.

*By the Court.*—Judgment reversed, and the cause remanded with directions to enter judgment for plaintiff.

ROSENBERRY, J. (*dissenting*).    I find it impossible to concur with the conclusion reached by my brethren in this case. The idea that a man is on a hunting trip when he is going out with the necessary paraphernalia for hunting, and that when he has completed the hunt or abandoned it and is on his way home he is not on a hunting trip, does not appeal to me. The construction placed upon this statute makes the enforcement of the law a practical impossibility, as any one knows who has had any experience either in the enforcement of the law or in its practical application to the conditions as they exist, particularly in the northern part of the state.    I con-

cur in the construction placed upon the statute by the trial court.

I am authorized to say that Mr. Justice OWEN concurs in this opinion.